IN THE SUPREME COURT OF THE STATE OF MONTANA

----------

O R D E R

----------

RE: RULES OF THE SUPREME COURT

FILED

JUN 30 1981

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

PER CURIAM:

Pursuant to the power placed in this Court by Article VII, Section 2, of the 1972 Montana Constitution, this Court adopts the following rule on the disqualification and substitution of judges:

DISQUALIFICATION OF JUDGES

Any justice, judge, or justice of the peace must not sit or act in any action or proceeding:

1. To which he is a party, or in which he is interested;

2. When he is related to either party by consaguinity or affinity within the sixth degree, computed according to the rules of law;

3. When he has been attorney or counsel in the action or proceeding for any party or when he rendered or made the judgment, order or decision appealed from.

SUBSTITUTION OF JUDGES -- PEREMPTORY CHALLENGES

Peremptory challenges shall apply only to District Court proceedings.

A motion for a substitution of a judge may be made by any party to a District Court proceeding. In a civil case, each adverse party is entitled to two substitutions of a judge. In a criminal case, the state and each defendant is entitled to one substitution of a judge.

A motion for substitution of a judge shall be made by filing a written motion for substitution reading as follows:

-1-

"The undersigned hereby moves for substitution of another judge for Judge _____ in this cause." The clerk of court shall immediately give notice thereof to all parties and to the judge named in the motion. Upon filing this notice, the judge named in the motion shall have no further power to act in the cause other than to call in another judge, which he shall do forthwith, and to set the calendar.

The first district judge disqualified shall have the duty of calling in all subsequent district judges.

When a case is filed in a multi-judge district, it shall be the duty of the clerk of court to stamp the name of the judge to which the case is assigned on the face of the summons, order to show cause, or information and all copies thereof.

Whenever a judge is assigned a case for ten consecutive days and the attorneys of record on both sides have knowledge of the assignment for that period of time, and if during this time no motion for substitution of a judge is filed against him, all rights to move for substitution of a judge shall be deemed waived by all parties, unless the presiding judge disqualifies himself thereafter in which case the right to move for substitution of a judge is reinstated and the ten-day period starts running anew.

Whenever an acceptance of jurisdiction is filed by a new judge, it shall be the duty of the clerk of court to mail a copy of the acceptance of jurisdiction to the original judge who first had jurisdiction of the case, and a copy by certified mail with return receipt requested to each attorney of record. Service to an attorney may be made by delivery of a copy personally to the attorney, or by obtaining a written receipt from the attorney. Proof of service shall be stapled to the acceptance of jurisdiction in the file.

The clerk of court shall contact the new judge accepting jurisdiction and request that judge to communicate with the judge having jurisdiction in the first instance, so that calendaring can be expeditiously handled.

When a new trial is ordered in any case, whether by order of the District Court or the Supreme Court, each adverse party shall be entitled to file one motion for substitution of a judge in the manner provided herein, whether or not that party has previously filed motions for substitution of a judge. Such motions must be filed:

a. If the new trial has been ordered by the District Court, within ten days after the time for appealing the order has elapsed.

b. If the new trial has been ordered by the Supreme Court, within ten days after notice of receipt of the remittitur has been received by the respective parties from the clerk of the District Court.

## DISQUALIFICATION FOR CAUSE

This section shall apply to all District Court judges, justices of the peace, municipal court judges and to all judges acting as a Small Claims Court. All references to judge are meant to include a District Court judge, a justice of the peace, a municipal judge and a judge presiding under the Small Claims Act.

Whenever a party to any proceeding in any court makes and files a timely and sufficient affidavit that a judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein.

In the case of a district judge, another district judge shall be assigned by the chief justice of the Supreme Court to hear such disqualification proceedings.

If an affidavit is against a justice of the peace, municipal judge or a judge presiding under the Small Claims Act, any district judge may appoint another justice of the peace or municipal judge to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than twenty days before the original date of trial, or good cause shall be shown for failure to file it within such time. It shall be accompanied by a certificate of counsel of record stating that it has been made in good faith.

DIRECT CONTEMPT OF COURT:

None of the provisions of this rule shall apply to any person in any cause involving a direct contempt of court.

INDIRECT CONTEMPT OF COURT:

When a person is charged in a District Court with indirect contempt of court, he shall be entitled to file one motion for substitution of a judge in the manner provided herein, whether or not that party has previously filed motions for substitution of a judge. Such a motion must be filed within ten days of the charge of indirect contempt of court. In that event, the judge of the court against which the contempt is alleged to have been committed shall notify the chief justice of the Supreme Court who shall appoint another district judge to hear and decide the charge.

ORDER SUPERSEDES SECTION 3-1-801, MCA:

By the authority of Article VII, Section 2, of the 1972 Montana Constitution, this rule supersedes and is to be used to the exclusion of the rule on disqualification and substitution of judges adopted by Supreme Court Order dated December 29, 1976, and published as section 3-1-801, MCA.

EFFECTIVE DATE:

This rule shall take effect on July 1, 1981.

-4-

Mr. Justice Daniel J. Shea dissenting in part:

This Court permits two peremptory disqualifications in a civil case in district court, but only one disqualification in a criminal case. Justice and logic requires that two disqualifications also be permitted in a criminal proceedings in district court.

This Court also does not permit peremptory disqualifications at all in justice court or in municipal court proceedings. That is unfair, and there is no logic in not permitting at least one peremptory disqualification in these courts. A belief by one or the other party that a justice of the peace or municipal judge will be unfair is just as pervasive as such a belief in a district court proceeding. The fact that one can appeal to district court from a final judgment of the justice court or of the municipal court provides no consolation to one who has had his rights determined by one whom he wanted to disqualify.

Finally, the injustice of not permitting disqualification in justice court or in municipal court proceedings is carried over into proceedings instituted in those courts for indirect contempt of court. Substitution of judges is permitted in an indirect contempt of court proceeding originating in district court, but not in justice court or in municipal court. Again, I see neither fairness or logic in making this distinction. It is at best arbitrary, and at worst, unfair.

_____
Justice

DATED this 29th day of June, 1981.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

-5-